UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARON SHERROD-FOREHAND,

Plaintiff,

vs.  Case No.

CERIDIAN CORPORATION,
a foreign corporation,

Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHARON SHERROD-FOREHAND ("Plaintiff"), hereby sues Defendant, CERIDIAN CORPORATION, a foreign corporation ("Defendant") and alleges as follows:

### INTRODUCTION

1. This action is brought pursuant to redress Plaintiff's discharge from employment with Defendant, Ceridian Corporation under 42 U.S.C. § 1981.

### JURISDICTION AND VENUE

2. Plaintiff is not required to exhaust administrative remedies under § 1981.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

### PARTIES

4. Plaintiff was a resident of Hillsborough County, Florida at all times material to this action. Defendant is a foreign corporation conducting business in Pinellas County, Florida and within the Middle District of Florida.

1

## FACTUAL BACKGROUND

5. Plaintiff commenced employment with Defendant on October 25, 2004 as a Project Manager.

6. Shortly after Plaintiff commenced employment, her direct supervisor, an African-American male, was discharged and Plaintiff was required to participate in an investigation conducted by Defendant into certain allegations of racial discrimination made by Plaintiff's former supervisor.

7. Plaintiff worked for several different supervisors during her employment with Defendant. One or more of the supervisors treated Plaintiff differently from white employees on the basis of race and Plaintiff's prior protected activities in connection with the aforesaid investigation into racial discrimination. At some point during Plaintiff's employment, Defendant engaged in an effort to discharge Plaintiff on the basis of her race and protected activities.

8. Plaintiff opposed as racially discriminatory various efforts by Defendant to compile false performance reviews and pretextual evaluations of her performance which were intended to cause Plaintiff to resign her position, but failed in doing so and ultimately resulted in certain performance evaluations being retracted after Plaintiff complained of disparate treatment in good faith.

9. Ultimately, Plaintiff was discharged, on January 17, 2008, in a purported reduction in force but which produced a residual workforce of white Project Managers with less experience and tenure with Defendant.

10. At the time of Plaintiff's employment and discharge, Plaintiff was one of the highest paid African-American females working for Defendant in Pinellas County, Florida.

## COUNT I - RACIAL DISCRIMINATION UNDER § 1981.

11. Plaintiff realleges paragraphs 1 through 10 as if fully set forth herein.

12. Plaintiff was discharged by Defendant because of her race in violation of § 1981.

13. Plaintiff has been damaged by the conduct of Defendant.

    WHEREFORE, Plaintiff requests this Honorable Court to:

    A. Grant Plaintiff an award of compensatory damages, punitive damages, back-pay. front-pay, and attorney's fees and costs.

    B. Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

## COUNT II - RETALIATION UNDER § 1981.

14. Plaintiff realleges paragraphs 1 through 10 as if fully set forth herein.

15. Plaintiff was discharged by Defendant because she engaged in protected activities in opposing actions which Plaintiff sincerely believed were racially discriminatory.

16. Plaintiff was also involved in protected activity when she participated in an investigation in connection with an African-American male's claim of racial discrimination against Defendant.

    WHEREFORE, Plaintiff requests this Honorable Court to:

    A. Grant Plaintiff compensatory damages. punitive damages. back-pay, front-pay, and attorney's fees and costs.

    B. Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

4

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,

BERMAN LAW FIRM, P.A.

By: */s/ Craig L. Berman*
Craig L. Berman, Esquire
BERMAN LAW FIRM, P.A.
Fla. Bar No. 068977
111 Second Ave. N.E.; Suite 706
St. Petersburg, FL 33701
Phone: (727) 550-8989
Fax: (727) 894-6251
cberman@tampabay.rr.com

ATTORNEY FOR PLAINTIFF